# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAMUEL ORTEGA and REBECCA SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELLE LUJAN GRISHAM, in her official capacity as Governor of the State of New Mexico, and RAÚL TORREZ, in his official capacity as Attorney General of the State of New Mexico,<br><br>Defendants. | No. |

## COMPLAINT

Plaintiffs Samuel Ortega and Rebecca Scott submit the following Complaint.

## I. INTRODUCTION

This action challenges the constitutionality of N.M. Stat. § 30-7-7.3 (the "Unlawful Sale of a Firearm Before Required Waiting Period Ends Act" or the "Waiting Period Act"), enacted by the Legislature of the State of New Mexico, and signed into law by Governor Michelle Lujan Grisham on March 4, 2024.[1] The Waiting Period Act is effective as of May 15, 2024. With limited exceptions, the Waiting Period Act makes it unlawful for any person who sells a firearm to a purchaser to deliver the purchaser's property to them until a minimum of seven calendar days after the sale has occurred, even if a clean background check comes back immediately.[2] Violation of the Waiting Period Act results in criminal charges being filed against both the seller and the

---

[1] House Bill 129 is the bill that became the Waiting Period Act, and it is attached to this filing as "Exhibit A".
[2] The provisions of the Waiting Period Act do not apply to: (1) a buyer who holds a valid federal firearms license, (2) a buyer who holds a valid New Mexico concealed handgun license, (3) a law enforcement agency, (4) a transaction between two law enforcement officers; and (5) a transaction between immediate family members.

purchaser of the firearm. Because the Waiting Period Act burdens the right to keep and bear arms, and because the government could never meet its burden to establish a historical analogue to justify its regulation, it is unconstitutional under the Second Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment.

## II.  PARTIES

1.     Paul Samuel Ortega ("Ortega") is an adult resident of New Mexico who has been negatively impacted by the Waiting Period Act's unconstitutional burden on the Second Amendment rights of law-abiding citizens who purchase firearms. On May 15, 2024, Mr. Ortega went to Calibers Shooting Sports Center for the purpose of acquiring a Glock 21 Gen4 .45 handgun.  Mr. Ortega provided the information required for a federal background check. He passed the background check and paid the purchase price for the firearm.  At this point, Mr. Ortega requested to take possession of the firearm that he had purchased so that he could remove it from the store and transport it to his residence. The Calibers employee who had been helping Mr. Ortega with this transaction, responded that due to the Waiting Period Act, the firearm had to remain in the custody of Calibers Shooting Sports Center for the next seven days.  Mr. Ortega then asked the Calibers employee if there was any reason other than the requirements of the Waiting Period Act why he could not obtain the firearm and take it with him. The Calibers employee said there was none. The Waiting Period Act's requirements were the only reason Calibers could not deliver the firearm to Mr. Ortega. In addition to this purchase, Mr. Ortega actively seeks to expand his ability to keep and bear arms through future firearms purchases. Accordingly, even if Mr. Ortega receives possession of the Glock 21 Gen4 .45 handgun while this action is pending, this matter will not be moot. Mr. Ortega will purchase another firearm soon and when he does, he will be subjected to the same unconstitutional burden. This suit satisfies one of the exceptions to the mootness doctrine.

2. Rebecca Scott ("Scott") is an adult resident of New Mexico who has also been negatively impacted by the Waiting Period Act. On May 15, 2024, Ms. Scott went to Big R Store in Farmington, New Mexico, for the purpose of acquiring a Smith & Wesson M&P EZ Shield 380 handgun. Ms. Scott provided the information required for a federal background check. She passed the background check and attempted to pay the purchase price for her firearm so she could transport it back to her residence. At this point, the Big R Store employee who had been helping Ms. Scott with this transaction responded that due to the Waiting Period Act, the firearm had to remain in the custody of the Big R Store for the next seven days.  Ms. Scott asked the Big R Store employee if there was any reason other than the requirements of the Waiting Period Act why she could not obtain the firearm and take it with her. The Big R store employee said there was none. The Waiting Period Act's requirements were the only reason that the Big R Store could not deliver the firearm to Ms. Scott.  In addition to this purchase, Ms. Scott actively seeks to expand her ability to keep and bear arms through future firearms purchases. Accordingly, even if Ms. Scott receives possession of the Smith & Wesson M&P EZ Shield 380 handgun while this action is pending, this matter will not be moot. Ms. Scott will purchase another firearm soon, and when she does, she will be subjected to the same unconstitutional burden. This suit satisfies one of the exceptions to the mootness doctrine.

3. Defendant Michelle Lujan Grisham is the Governor of the State of New Mexico. This action is brought against her in her official capacity. The New Mexico Constitution states that the "supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed." M.M. Const. Art. V, § 4. Courts have long recognized the practice of naming the governor of a state, in their official role as the state's chief executive, as the proper Defendant in cases where a party seeks to enjoin state enforcement of a statute, regulation,

ordinance, or policy that is violative of federal law. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011).

4. Defendant Raúl Torrez is the Attorney General of the State of New Mexico. This action is brought against him in his official capacity, to the extent that any injunction against the Waiting Period Act must include the Attorney General as a party to this matter.

5. Defendants are or will enforce the unconstitutional provisions of the Waiting Period Act against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

6. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights and privileges or immunities secured by the United States.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and a claim for related attorney fees is authorized by 42 U.S.C. § 1988.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

9. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II; *see also District of Columbia. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

10.     The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald*, 561 U.S. at 777.

11.     The Waiting Period Act (N.M. Stat. § 30-7-7.3) states in relevant part:

   A. A waiting period of seven calendar days shall be required for the sale of a firearm and the transfer of the firearm to the buyer.

   B. The firearm shall remain in the custody of the seller or the federal firearms licensee performing the federal instant background check during the entirety of the waiting period.

   C. Unlawful sale of a firearm before the required waiting period ends consists of the transfer of ownership, possession or physical control of the firearm from the seller to the buyer before the end of the required seven-calendar-day waiting period[.]

   D. Each party to an unlawful sale of a firearm before the required waiting period ends is in violation of this section and may be separately charged for the same sale.

   G. Whoever violates the provisions of this section is guilty of a misdemeanor.

12.     In *Bruen*, the Court held: "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.

13.     Plaintiffs desire to obtain possession of firearms that they have purchased for lawful purposes—including self-defense in their homes. The Waiting Period Act prohibits Plaintiffs from doing so without being subjected to an arbitrary, unnecessary, burdensome, and useless delay.

14.     The right to "keep" arms necessarily implies the right to obtain arms. After all, "keep" means to possess or "have weapons." *Heller*, 554 U.S. 570, 582 (2008). By the Waiting Period Act's very terms, it prevents individuals from taking "possession" of their firearms. N.M. Stat. § 30-7-7.3. Therefore, because the Second Amendment's plain text covers Plaintiffs' conduct – i.e.,

possessing bearable arms – "the Constitution *presumptively* protects that conduct." *Bruen*, 597 U.S. at 24 (emphasis added). Plaintiffs have met their burden under *Bruen*, and the Waiting Period Act is presumptively unconstitutional.

15. Moreover, the Waiting Period Act is not a commercial regulation, such that it is directed at ensuring that sellers of firearms comply with the law. Indeed, the very purpose of the law is to limit the ability of a purchaser to *obtain* a firearm.

16. The fact that the Waiting Period Act contains exceptions for (1) buyers who hold a valid federal firearms license (2) buyers who have concealed handgun licenses; (3) law enforcement agencies; (4) two law enforcement officers under certain circumstances; and (5) between immediate family members, demonstrates that there are some classes of purchasers for which New Mexico does not think a seven-day waiting period is necessary. If the Waiting Period Act were a true commercial regulation, it would not maintain exceptions based on the category of purchaser.

17. Since the Second Amendment presumptively protects Plaintiffs' conduct, the State must justify the Waiting Period Act by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

18. It is impossible for the State to meet this burden because there is no historical tradition of firearms being regulated in this manner either at the time of our founding and the ratification of the Second Amendment, or during the Reconstruction era and the ratification of the Fourteenth Amendment.

19. In fact, the first waiting period law was not enacted until 1923, and involved a one-day waiting period for handgun sales in California. *See* Professor David B. Kopel's Written Testimony on Colorado House Bill 23-1219, *To Delay the Acquisition of Firearms.*[3] Under *Bruen*, analogies

---

[3] https://davekopel.org/Testimony/HB23-1219%20Kopel%20testimony%20on%20forced%20delays%20in%20gun%20acquisition-Mar6.pdf

from the 1920s are far too late to offer a historical analogue to the issue of waiting periods. 597 U.S. at 66.

20. In summary, the plain text of the Second Amendment covers Plaintiffs' conduct. Therefore, the Waiting Period Act is presumptively unconstitutional. The State is unable to rebut this presumption because the Waiting Period Act is not consistent with the Nation's historical tradition of firearm regulation. Therefore, New Mexico's Waiting Period Act is unconstitutional.

### V.  FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

21. Paragraphs 1–20 are re-alleged and incorporated by reference.

22. The Waiting Period Act burdens the right of residents of the State of New Mexico, including Plaintiffs, in exercising their right to keep and bear arms, a right which is explicitly protected by the Second Amendment.

23. There are significant criminal sanctions for violations of this unconstitutional law.

24. These restrictions infringe Plaintiffs' rights guaranteed by the Second Amendment, which is made applicable to New Mexico by the Fourteenth Amendment.

25. The Waiting Period Act's prohibitions arbitrarily delay the right of law-abiding citizens to obtain arms even if they immediately pass all required background checks, and even if they desire to obtain an arm for the purpose of self-defense in the home, where Second Amendment protections are at their zenith.

26. The Waiting Period Act contains no exception for exigent circumstances, imminent threat of bodily harm, or for situations where a purchaser has already obtained a domestic order against a former partner, and has actual knowledge that the partner owns a firearm.

27. The State cannot meet its burden of justifying these restrictions on the Second Amendment right of the People because they could never demonstrate that they are consistent with this Nation's historical tradition of firearm regulation.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

28. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Waiting Period Act is unconstitutional on its and face and as applied;

29. Enter a Temporary Restraining Order and preliminary and permanent injunctive relief enjoining Governor Michelle Lujan Grisham, and her officers, agents, and employees, and Attorney General Raúl Torrez, and his officers, agents, and employees, from enforcing the Waiting Period Act;

30. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorney fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law; and

31. Grant any such other and further relief as the Court may deem proper.

///

///

///

///

///

///

///

**JURY DEMAND**

Plaintiffs invoke their right to jury, to the extent this matter goes to trial.

DATED: May 15, 2024

Respectfully submitted,

 /s/ Carter B. Harrison IV
Carter B. Harrison IV
Attorney and Partner
**Harrison & Hart, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
Email: carter@harrisonhartlaw.com


Michael D. McCoy
**Mountain States Legal Foundation**
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
mmccoy@mslegal.org

Joseph Greenlee
Erin M. Erhardt
**National Rifle Association of America**
11250 Waples Mill Road
Fairfax, VA 22030
Email: jgreenlee@nrahq.org
Email: eerhardt@nrahq.org


*Attorneys for Plaintiff*