IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL ORTEGA, and
REBECCA SCOTT,

    Plaintiffs,

vs.                                                    No. 1:24-cv-00471-JB-SCY

MICHELLE LUJAN GRISHAM, in her
official capacity as Governor of the State of
New Mexico, and RAÚL TORREZ, in his
official capacity as Attorney General of the
State of New Mexico,

    Defendants.

## UNOPPOSED MOTION TO STAY

Defendants Governor Michelle Lujan Grisham and Attorney General Raúl Torrez, by and through their respective counsel of record, hereby move this Court for a stay of this case pending the Tenth Circuit's resolution of the appeal of this Court's denial of a preliminary injunction in *Ortega v. Lujan Grisham* (No. 24-2121). In support thereof, Defendants state as follows:

1. On May 15, 2024, Plaintiffs filed the instant action challenging New Mexico's waiting period law, NMSA 1978, § 30-7-7.3 (2024), as violating the Second Amendment. [Doc. 1] In addition to seeking declaratory and permanent injunctive relief, Plaintiffs moved for a temporary restraining order and preliminary injunction. [Doc. 2]

2. The Court denied Plaintiffs' motion for a preliminary injunction on July 22, 2024. [Doc. 39] Plaintiffs filed a notice of appeal regarding the Court's denial of their request for a preliminary injunction on August 21, 2024. [Doc. 41]

3. On September 18, 2024, Defendants filed a motion for judgment on the pleadings [Doc. 52], which Plaintiffs responded in opposition to on October 16, 2024 [Doc. 59]. A hearing

on the motion was held on November 22, 2024. At the conclusion of the hearing, the Court announced that it was inclined to grant the motion, but due to other pressing matters before the Court, it would not be able to "immediately . . . [issue its] opinion on the instant matter". [Doc. 70].

4. On December 4, 2024, the Parties filed a Joint Motion to Extend Scheduling Order and Joint Status Report Deadlines [Doc. 71], requesting a 45-day extension to discovery-related deadlines. The Court granted the motion on December 20, 2024. [Doc. 72]. A second request to extend these deadlines was filed on January 15, 2025 [Doc. 73]; which the Court similarly granted on January 22, 2025 [Doc. 74]. A third request to extend these deadlines was filed on March 14, 2025 [Doc. 77]; which the Court similarly granted on March 24, 2025 [Doc. 78].

5. Oral argument regarding this Court's denial of Plaintiffs' motion for a preliminary injunction was held at the Tenth Circuit Court of Appeals on May 13, 2025.

6. This Court has broad authority to stay proceedings before it. *See Ryan v. Gonzalez*, 568 U.S. 57, 73-74 (2013). This authority stems from the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

7. "[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan*, 568 U.S. at 74 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In exercising that discretion, courts consider "the specific circumstances of a case," *Doe*, 762 F.3d at 1178 (quoting *Landis*, 299 U.S. at 254), including judicial economy and any competing interests of the parties, *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, Civ. No. 12-01299, 2015 WL 11117308, at *3 (D.N.M. Mar. 31, 2015).

8.     The granting of a stay is warranted in the interest of judicial economy. The Tenth Circuit's forthcoming decision on Plaintiffs' interlocutory appeal will likely inform proceedings in this Court and, for reasons of judicial and party economy, this Court should stay proceedings pending the Tenth Circuit's resolution of Plaintiffs' interlocutory appeal.

9.     Plaintiffs do not oppose the motion.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court stay this case pending the Tenth Circuit's resolution of the appeal of this Court's denial of a preliminary injunction in *Ortega v. Lujan Grisham* (No. 24-2121).

Respectfully submitted,

*/s/ Holly Agajanian*
**HOLLY AGAJANIAN**
*Chief General Counsel*
**KYLE P. DUFFY**
*Deputy General Counsel*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
Holly.Agajanian@exec.nm.gov
Kyle.Duffy@exec.nm.gov

**Attorneys for Governor Michelle Lujan Grisham**

*/s/ Aaron Rodriguez*
Aaron Rodriguez
Nick D. Nunez
*Assistant Attorneys General*
408 Galisteo St.
Santa Fe, NM 87501
505.490.4825
arodriguez@nmdoj.gov
nnunez@nmdoj.gov

**Attorneys for Attorney General Raúl Torrez**

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 22, 2025, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

                                  Respectfully submitted,

                                  */s/ Holly Agajanian*
                                  Holly Agajanian