**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SAMUEL ORTEGA and REBECCA SCOTT,

Plaintiffs,

vs. No. CIV 24-0471 JB/SCY

MICHELLE LUJAN GRISHAM, in her official capacity as Governor of the State of New Mexico, and RAÚL TORREZ, in his official capacity as Attorney General of the State of New Mexico,

Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the: (i) Defendants' Joint Motion for Summary Judgement, filed April 20, 2026 (Doc. 109)("Defendants' MSJ"); and (ii) Plaintiff's Motion for Summary Judgment, filed April 20, 2026 (Doc. 110)("Plaintiffs' MJS"). The Court held a hearing on June 2, 2026. See Clerk's Minutes at 1, filed June 2, 2026 (Doc. 124); Draft Transcript (taken June 2, 2026)(Court)("Draft Tr.").[1] The primary issues before the Court are: (i) whether Plaintiffs Samual Ortega and Rebecca Scott show that there is no genuine issue of material fact and are entitled to judgment as a matter of law; (ii) whether Defendants Governor Michelle Lujan Grisham and Attorney General Raúl Torrez (collectively the "Defendants") show that there is no genuine issue of material fact and are entitled to judgment as a matter of law; and (iii) whether the law of the cases requires the Court to enjoin the Defendants from implementing and/or enforcing against Ortega and Scott the provisions of N.M. Stat. § 30-7-7.3 ("The Waiting Period

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Act"). After reviewing carefully the parties' legal arguments and the applicable case law, the Court concludes that: (i) Ortega and Scott show that there is no genuine issue of material fact and are entitled to judgment as a matter of law; (ii) the Defendants do not show that there is no genuine issue of material fact and are not entitled to judgment as a matter of law; and (iii) the law of the cases requires the Court to enjoin the Defendants from implementing and/or enforcing against Ortega and Scott the provisions of the Waiting Period Act.

On August 19, 2025, the United States Court of Appeals for the Tenth Circuit issues Ortega v. Grisham, 148 F.4th 1134 (10th Cir. 2025)("Ortega"), reversing the Court's denial of the Motion for Temporary Restraining Order and Preliminary Injunction, filed May 15, 2024 (Doc. 2)("PI Motion"). See 148 F.4th at 1156. In Ortega, the Tenth Circuit states "waiting periods are neither longstanding nor widespread practices, and diverge from history and tradition. Plaintiffs would overcome any presumption of constitutionality." 148 F.4th at 1148-49. The Defendants contend that the Court is not "strictly bound by the *Ortega* majority's preliminary conclusions." See Defendants' MSJ at 24 (emphasis in Defendants' MSJ). The Court disagrees with this contention.

"'[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" Universitas Educ., LLC v. Avon Cap., LLC, 124 F.4th 1231, 1242 (10th Cir. 2024)(quoting Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948)). An appellate court's mandate "'consists of our instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions.'" Bay v. Anadarko E&P Onshore LLC, 73 F.4th 1207, 1217 (10th Cir. 2023)(quoting United States v. Dutch, 978 F.3d 1341, 1345 (10th Cir. 2020)). The Tenth Circuit's opinion in Ortega is clear that Ortega and Scott can overcome the presumption of constitutionality. See 148 F.4th at 1156. Although the Court continues to believe the Waiting Period Act is constitutional, the Court is bound by the Tenth Circuit's decision and the law of the

case. For the reasons stated in Ortega, the Court denies the Defendants' MSJ and grants the Plaintiffs' MSJ.

**IT IS ORDERED** that: (i) Defendants' Joint Motion for Summary Judgement, filed April 20, 2026 (Doc. 109), is denied; (ii) Plaintiff's Motion for Summary Judgment, filed April 20, 2026 (Doc. 110), is granted; (iii) the Defendants -- the Governor of the State of New Mexico, and the Attorney General of the State of New Mexico -- and each of their respective officers, agents, servants, and employees, and those persons in active concert or participation with them, as well as those duly sworn state law enforcement officers who gain knowledge of this injunction order -- are enjoined from implementing and/or enforcing against Ortega and Scott the provisions of N.M. Stat. § 30-7-7.3; (iv) the injunctive relief shall take effect immediately; (v) on or before September 10, 2026, Defendants shall send Notice of this Order to the New Mexico Department of Public Safety, which shall post the Notice on its website; (vi) the Notice must include a copy of this Order; and (vii) the Court will enter a separate Final Judgment.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Joseph Greenlee
Erin M. Erhardt
National Rifle Association of America
McCall, Idaho

-- and --

Carter B. Harrison, IV
Harrison & Hart, LLC
Albuquerque, New Mexico

-- and --

Donald S. Nation
Michael McCoy
Mountain States Legal Foundation
Lakewood, Colorado

*Attorneys for the Plaintiffs*

Holly Agajanian
Chief General Counsel to Governor Michelle Lujan Grisham
Kyle P. Duffy
Associate General Counsel to Governor Michelle Lujan Grisham
Office of the Governor
Santa Fe, New Mexico

*Attorneys for Defendant Michelle Lujan Grisham*

Raúl Torrez
Attorney General for the State of New Mexico
Billy J. Jimenez
Mark W. Allen
Assistant Attorneys General
New Mexico Department of Justice
Santa Fe, New Mexico

*Attorneys for Defendant Raúl Torrez*