**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| SAMUEL ORTEGA and REBECCA SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELLE LUJAN GRISHAM, in her official capacity as Governor of the State of New Mexico, and RAÚL TORREZ, in his official capacity as Attorney General of the State of New Mexico,<br><br>Defendants. | No. 24-CV-0471 |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEYS' FEES, COSTS, AND NON-TAXABLE EXPENSES PURSUANT TO 42 U.S.C. § 1988**

Pursuant to 42 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(d)(2), and D.N.M.LR-Civ 54.5, Plaintiffs Samuel Ortega and Rebecca Scott ("Plaintiffs") respectfully move this Court for an award of reasonable attorneys' fees and non-taxable expenses as the prevailing parties in this civil rights action brought under 42 U.S.C. § 1983 to vindicate their rights under the Second and Fourteenth Amendments to the United States Constitution. In support of this motion, Plaintiffs state as follows.

## I. INTRODUCTION

On August 27, 2026, Judge James O. Browning entered final judgment in this case, finding in the Plaintiffs' favor on all their claims and permanently enjoining Defendants Michelle Lujan Grisham, Governor of the State of New Mexico, and Raúl Torrez, Attorney General of the State of New Mexico, as well as all state officials acting in concert with them, from implementing and/or enforcing the seven-day firearms waiting period imposed by N.M. Stat. § 30-7-7.3 (the "Waiting Period Act"). [ECF No. 127, Final Judgment.] That judgment followed a decision of the United

States Court of Appeals for the Tenth Circuit reversing Judge Browning's preliminary-injunction denial and holding that the Waiting Period Act "is unconstitutional," *Ortega v. Grisham*, 148 F.4th 1134, 1156 (10th Cir. 2025); and the Tenth Circuit's subsequent denial of Defendants' petition for rehearing en banc. *Ortega v. Grisham*, 162 F.4th 1056, (10th Cir. 2025).

Plaintiffs achieved the central relief they sought when they filed this action on May 15, 2024—freedom from the state's enforcement of the provisions of the Waiting Period Act—and are therefore the prevailing parties entitled to reasonable fees under 42 U.S.C. § 1988(b).

## II. PROCEDURAL AND FACTUAL BACKGROUND

1. On March 4, 2024, Governor Lujan Grisham signed House Bill 129 into law, codified at N.M. Stat. § 30-7-7.3, imposing a mandatory seven-day waiting period on firearm purchases in New Mexico, subject to limited exceptions. [ECF No. 1, Complaint, Attach. #1 Ex A. (HB 129), 5/15/2024.]

2. The Waiting Period Act took effect on May 15, 2024. On that date, Plaintiffs Samuel Ortega and Rebecca Scott each attempted to complete a lawful firearm purchase after passing a federal background check and were informed they would have to wait seven days to take possession of the firearms they had purchased. *Id*.

3. Plaintiffs filed this action the same day, May 15, 2024, against Defendants in their official capacities under 42 U.S.C. § 1983, alleging that the Waiting Period Act violates the Second Amendment as incorporated against the states through the Fourteenth Amendment, and moved for a temporary restraining order and preliminary injunction. [ECF No. 2, Motion for Temporary Restraining Order Preliminary Injunction.]

4. A hearing on Plaintiffs' motion for preliminary injunction was held on June 27, 2024, during which witnesses were called to testify and other evidence was admitted by both

parties. On July 22, 2024, Judge Browning issued an order denying Plaintiffs' motion. [ECF No. 39, Memorandum Opinion and Order.]

5. Plaintiffs appealed. [ECF No. 41, Notice of Appeal.] On August 19, 2025, a panel of the United States Court of Appeals for the Tenth Circuit reversed Judge Browning's preliminary injunction denial, holding that cooling-off style waiting periods "do not fit into any historically grounded exceptions to the right to keep and bear arms," and that the Waiting Period Act was therefore an "unconstitutional burden on the Second Amendment rights" of New Mexico citizens. *Ortega*, 148 F.4th at 1156. Defendants sought rehearing en banc, which was denied on December 22, 2025. 162 F.4th 1056 (10th Cir. 2025). The Tenth Circuit subsequently remanded the case back to the district court.

7. On remand, Judge Browning entered a preliminary injunction barring Defendants, and all state officials acting in concert with them, from enforcing the Waiting Period Act against Plaintiffs while the case proceeded to final resolution. [ECF No. 97, Preliminary Injunction Order.]

8. On August 27, 2026, Judge Browning entered final judgment dismissing the case and enjoining the Defendants from implementing and/or enforcing the provisions of the Waiting Period Act. [ECF No. 127, Final Judgment.]

9. Plaintiffs are informed that Defendants intend to appeal the judgment. An anticipated appeal does not toll or extend the 30-day period for filing this motion under D.N.M.LR-Civ 54.5(a), and Plaintiffs accordingly file this motion within that period.

10. Finally, pursuant to D.N.M.LR-Civ 7.1(a), local New Mexico counsel Carter Harrison contacted counsel for Defendants and notified them of the intent to file this Motion. Defendants indicated their intent to oppose the motion.

## III. LEGAL STANDARD

Section 1988(b) provides that in any action to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances; … [and a] civil rights plaintiff who prevails 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citations omitted) (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968)).

A plaintiff "prevails" for purposes of § 1988 when a judicially sanctioned change in the legal relationship of the parties has occurred—for example, an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001); *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Where, as here, the preliminary relief is followed by a final judgment on the merits granting the relief sought, the plaintiff is a "prevailing party." *See id.*; *Sole v. Wyner*, 551 U.S. 74, 86 (2007) (a final ruling on the merits, not a preliminary one, ordinarily determines prevailing-party status).

The prevailing party bears the burden of proving a reasonable attorney's fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). They must establish both their entitlement to an award and the amount to which they are entitled. *Id.* The Supreme Court has recognized the lodestar as the measure of the reasonable fee to which a prevailing party is entitled under § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The lodestar figure has . . . become the guiding light of our fee-shifting jurisprudence."). The lodestar figure "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) ("The most

useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.") (citing *Hensley*).

In *Blum v. Stenson*, the Supreme Court stated that the figure which results from the lodestar calculation is more than a rough guess or approximation of the final award to be made: "when the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee . . . ." *Blum*, 465 U.S. 866, 897 (1984) (emphasis added). *See also Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (recognizing that the lodestar, i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," (citation omitted) . . . produces a presumptively reasonable fee . . . ." (*citing Perdue v. Kenny A. ex rel. Winn*, 176 L.Ed.2d 494 (2010))).

## IV. ARGUMENT

### A. Plaintiffs Are the Prevailing Parties.

As the United States Supreme Court has repeatedly held, for the purposes of § 1988(b), a plaintiff "prevails" when a court grants enduring judicial relief that constitutes a "material alteration of the legal relationship of the parties." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792–793 (1989).

In the present case, Plaintiffs are prevailing parties within the meaning of § 1988(b). This case ended with a final judgment that resolved the merits in Plaintiffs' favor. That judgment "materially altered the legal relationship between the parties," *Farrar*, 506 U.S. at 111–12, by permanently freeing Plaintiffs from a statutory obligation they had challenged as unconstitutional from the day it took effect.

**B. The Requested Fees Are Reasonable Under the Lodestar Method.**

**1. Plaintiffs fulfill the first prong of the lodestar calculation by requesting compensation for hours reasonably expended on the litigation.**

To determine the first prong of the lodestar calculation—the number of hours reasonably expended on the litigation—applicants "should submit evidence supporting the hours worked . . ." *Id.* at 433; *see also Case v. Unified School District No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). Adequate evidence "must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) abrogated on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n4 (1987).

Over the course of this litigation, four organizations have worked on behalf of the Plaintiffs: Mountain States Legal Foundation; the National Rifle Association of America, Office of Litigation Counsel; Clement & Murphy, PLLC; and local New Mexico counsel Harrison & Hart, LLC. This division of labor was necessary given the specialized and successful appellate strategy this case required—complicated constitutional law litigation applying rapidly evolving Second Amendment jurisprudence. The appeal resulted in a favorable, published, precedential, en-banc-affirmed panel decision at the Tenth Circuit.

All four organizations are submitting their billing records detailing the work performed on the Plaintiffs' behalf and the attorneys and legal staff who performed the work, as well as declarations attesting to the accuracy of the gross billing hours and descriptions submitted. A summary of this information is included in Section V of this Motion. More detailed billing information is included as exhibits to each organization's declaration.

**2. Plaintiffs request compensation at reasonable hourly rates.**

A reasonable fee is based on a reasonable hourly rate commensurate with "the prevailing market rates in the relevant community . . . ." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The objective is "to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *Case*, 157 F.3d at 1257 (quoting *Steinlauf v. Continental Ill. Cor*p., 962 F.2d 566, 568 (7th Cir. 1992)). This rate should be based upon "what evidence shows the market commands for civil rights or analogous litigation." *Id.* at 1255. Although not conclusive, an attorney's customary rate is a relevant factor. *Ramos*, 713 F.2d at 555.

Because Mountain States Legal Foundation, the National Rifle Association of America, and Clement & Murphy practice outside the District of New Mexico and bill at higher hourly rates, Plaintiffs anticipate Defendants may argue that only the forum (New Mexico) market rate applies to their time. However, the Tenth Circuit recognizes an exception to the forum-rate rule where the case required the level of skill possessed by particular out-of-district counsel. *See Id.* at 555–56; *Case*, 157 F.3d at 1257.

In the present case, Clement & Murphy's Supreme Court/Second Amendment appellate specialization, NRA-ILA's institutional Second Amendment litigation expertise, and Mountain States Legal Foundation's 50-years of experience defending constitutional rights were all integral to obtaining the Tenth Circuit reversal in this case. And the hourly rates requested by these organizations in the present case are not only their customary ones, but also within the range of those which have been awarded in federal and state district courts to attorneys of comparable skill and expertise in specialized areas of federal practice such as constitutional law and civil rights related litigation.

**C. Under 42 U.S.C. § 1988, a prevailing party is entitled to recover reasonable costs and expenses as well as attorney's fees.**

In addition to fees for attorney services, "items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount." *Ramos*, 713 F.2d at 559. "This includes 'fees and costs' which are 'not normally absorbed as overhead in private firm litigation.'" *Id.* Reimbursable expenses include filing fees, process service fees, copying/printing, telephone and computer-aided legal research, and travel expenses, *id.*, as well as those costs taxable under 28 U.S.C. § 1920. *Case*, 157 F.3d at 1249. In the present case, if and where these costs exist, the necessity of each expense is explained either where it is described in the billing or by reference to the work done by the attorney on the same date.

**D. Plaintiffs are entitled to attorney's fees and expenses for preparing this motion and supporting documents.**

"An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Case*, 157 F.3d at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d. 1197, 1205 (10th Cir. 1986)). Moreover, to disallow such fees would "'dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee'" and "'would be inconsistent with the purpose of the Fees Act.'" *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir. 1982) (quoting *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978)).

Here, in addition to the hours spent on the case in chief, Plaintiffs' counsel has spent considerable time preparing the motion and the supporting documentation. The time and expenses incurred on these items should similarly be compensated.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and award Plaintiffs, as the prevailing parties in this civil rights action, the following attorney's fees, costs and expenses, for a total award of $1,165,257.82, plus post-judgment interest as allowed by law, and such other relief as the Court deems just.

An organizational level breakdown of the grand totals for hours, fees, costs and expenses are provided in the following table. More detailed billing information, including individual rates, is in each organization's declaration, which are attached to this Motion as Exhibits A, B, C and D.

| Organization | Hours | Subtotal |
|---|---|---|
| Clement & Murphy, PLLC | 448.75 | $612,697.63 |
| Harrison & Hart, LLC | 149.6 | $62,859.69 |
| Mountain States Legal Foundation | 814.7 | $401,570.50 |
| National Rifle Association of America, Office of Litigation Counsel | 125.9 | $88,130.00 |
| **TOTAL** | 1,538.95 | $1,165,257.82 |

Dated: September 28, 2026

Respectfully submitted,

*/s/ Michael D. McCoy*
Michael D. McCoy
**Mountain States Legal Foundation**
2596 South Lewis Way Lakewood,
Colorado 80227
(303) 292-2021
mmccoy@mslegal.org

Carter B. Harrison IV
Attorney and Partner
**Harrison & Hart, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 303-1835
carter@harrisonhartlaw.com

Matthew D. Rowen
**Clement & Murphy PLLC**
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com

Joseph G.S. Greenlee
**National Rifle Association of America**
11250 Waples Mill Road Fairfax, VA
22030
(703) 267-1161
jgreenlee@nrahq.org

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2006, I filed the foregoing electronically through the Court's CM/ECF system, which caused service on all counsel of record.

*/s/ Michael D. McCoy*
Michael D. McCoy
**Mountain States Legal Foundation**